ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 20, 2010

The Honorable Charlie Geren
Chair, Committee on House Administration
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0771

Re: Application of Local Government Code section 143.014(c) to municipalities that have adopted chapter 174 of the Local Government Code, the Fire and Police Employee Relations Act; reconsideration of Attorney General Opinion GA-0662 (2008) (RQ-0840-GA)

Dear Representative Geren:

You ask about the "[a]pplication of Local Government Code section 143.014(c) to municipalities that have adopted Local Government Code [c]hapter 174, the Fire and Police Employee Relations Act" (the "FPERA").[1] You request that we reconsider part of a 2008 opinion of this office that construed Local Government Code subsection 143.014(c), a provision of the Fire Fighter and Police Officer Civil Service Act. *See* Request Letter (requesting reconsideration of Attorney General Opinion GA-0662).

Section 143.014 provides, in relevant part, that

(b) If approved by the governing body of the municipality by resolution or ordinance, the head of a fire or police department in the municipality in which at least four classifications exist below the classification of department head may appoint each person occupying an authorized position in the classification immediately below that of department head, as prescribed by this section. The classification immediately below that of department head may include a person who has a different title but has the same pay grade.

(c) In a police department, the total number of persons appointed to the classification immediately below that of department head may not exceed the total number of persons, plus one, serving in that classification on January 1, 1983. In a fire department in a

---

[1]Request Letter (*available at* http://www.texasattorneygeneral.gov).

municipality having fewer than 300 certified fire fighters, the department head may appoint not more than one person to the classification immediately below that of department head. If a municipality has 300 to 600 certified fire fighters, the department head may appoint two persons to the classification. If a municipality has more than 600 certified fire fighters, the department head may appoint three persons to the classification. *This subsection does not apply to a municipality that has adopted The Fire and Police Employee Relations Act [chapter 174 of the Local Government Code] unless the municipality specifically adopts the appointment procedure prescribed by this subsection through the collective bargaining process.*

TEX. LOC. GOV'T CODE ANN. § 143.014(b)–(c) (Vernon 2008) (emphasis added).

Attorney General Opinion GA-0662 (the "Opinion") concluded that a city's adoption of the FPERA does not change the authority of a fire chief to appoint persons to the classification immediately below his own classification under Local Government Code subsection 143.014(b), but removes the numerical limits established by subsection 143.014(c), unless the city adopts a collective bargaining agreement providing otherwise. Tex. Att'y Gen. Op. No. GA-0662 (2008) at 3. The Opinion, focusing on the express language of subsection 143.014(c), construed the term "subsection" in accordance with the Code Construction Act and the plain and common meaning of that term. *Id.*

Having reexamined Attorney General Opinion GA-0662 and finding no case law since the issuance of the Opinion that construes subsection 143.014(c) otherwise, we conclude that it correctly states the law.

## S U M M A R Y

When a municipality that is subject to the Fire Fighter and Police Officer Civil Service Act adopts Local Government Code chapter 174, the Fire and Police Employee Relations Act, subsection 143.014(c), limiting the number of deputies who may be appointed, becomes inapplicable to the municipality.  These limits may be reimposed if the municipality specifically adopts them through the collective bargaining process.  Attorney General Opinion GA-0662 (2008) is affirmed in relevant part.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee